1 | WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Certain Underwriters at Lloyd's, London, | No. CV-17-08092-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| NaturMed Incorporated, | |
| Defendant. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003); *see also Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1116-1118 (9th Cir. 2004) (remanding to the district court to conduct proceedings and consider evidence as necessary to determine subject matter jurisdiction).

In this case, the complaint alleges jurisdiction based on diversity of the parties. *See* 28 U.S.C. § 1332(a). As to Plaintiff's citizenship, the complaint states: "Plaintiffs, Certain Underwriters severally subscribing, each for his or its own part and not for any other, to the subject policy consist of natural persons who are or have been members of underwriting syndicates, which conduct or have conducted business at the insurance marketplace known as Lloyd's, London which is chartered under the laws of the United Kingdom." (Doc. 1 at 2.) This statement fails to allege a citizenship for "Certain Underwriters."

Further, in reading Plaintiff's corporate disclosure statement (Doc. 8), the Court

has become concerned that "Certain Underwriters" is not an actual entity, but instead a fictitious designation representing at least 7 individual entities.[1] Preliminarily, the Court notes that the Federal Rules of Civil Procedure do not provide for the use of fictitious defendants, which would equally apply to fictitious plaintiffs. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686-87 (9th Cir. 1956).

Second, having read the corporate disclosure statement, the Court is concerned that the "real" plaintiffs are syndicates. Regarding insurance syndicates:

> … [F]or purposes of diversity jurisdiction, the citizenship of each member of an insurance syndicate must be considered. *See, e.g., E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 931 ([2d Cir.] 1998) (every "name" represented by the lead underwriter must be completely diverse from the plaintiff); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 320 (7th Cir. 1998) ("Each name in a syndicate faces unlimited personal liability, like a partner in a general partnership"). Plaintiff has failed to allege the identity and citizenship of each member of Defendants.

*RBR Meat Co., Inc. v. Lloyds of London Syndicate 4020 Ark*, No. CV 14-6399-JFW (CWX), 2014 WL 12560804, at *1 (C.D. Cal. Oct. 31, 2014). Thus, to plead diversity, the complaint must not only state the name of each syndicate (in the caption), but also allege the citizenship of each member in each syndicate.

Based on the foregoing, the Court will require the complaint be amended to establish diversity jurisdiction. In the amended complaint, the caption must list all Plaintiffs by their real names and not by any fictitious, general, or group designation. Further, the amended complaint must plead the citizenship of each such named Plaintiff consistent with the specific entity rules under which each Plaintiff falls. Accordingly,

/ / /

/ / /

/ / /

---

[1] The Court's confusion was exacerbated by the fact that the caption of the complaint lists "Plaintiff" as singular, but the complaint itself repeatedly refers to "Plaintiffs" as plural.

**IT IS ORDERED** that Plaintiff must filed an amended complaint properly establishing federal subject matter jurisdiction by June 12, 2017, or this case will be dismissed, without prejudice, for lack of jurisdiction.

Dated this 2nd day of June, 2017.

James A. Teilborg
Senior United States District Judge